STATE of Vermont v. Robert F. STEWART

[572 A.2d 1380]

No. 88-443

February 21, 1990. Defendant was charged with simple assault on a police officer in violation of 13 V.S.A. § 1028, which carries a mandatory minimum term of imprisonment. Prior to the trial, the court stated on the record that although defendant was a needy person, he was not entitled to assigned counsel because, if convicted, the court would not sentence him to a period of imprisonment or a fine of more than $1,000. Defendant appeared at trial pro se. The jury returned a verdict of not guilty on the charge of simple assault of a police officer, but found him guilty of simple assault. The court imposed a suspended sentence of 0–12 months imprisonment, with general and special conditions of probation.

Defendant argues that his conviction should be reversed because he was denied court appointed counsel when he was charged with a misdemeanor carrying a mandatory term of imprisonment. We agree. An indigent defendant charged with a serious crime is entitled to have counsel assigned to represent him at every stage of the proceedings beginning with the initial appearance before a judicial officer, unless he waives this right. V.R.Cr.P. 44(a). A serious crime is defined, in part, as a misdemeanor which carries with it a penalty of any period of imprisonment unless the judge, *before a plea is entered*, states on the record that this sentence will not be imposed in the event that the defendant is convicted. 13 V.S.A. § 5201(4)(B).

In this case the defendant was charged with a misdemeanor which carries a mandatory minimum period of imprisonment. The trial judge was without authority to impose a lesser sentence upon conviction than that mandated by statute. *State v. Saari*, 152 Vt. 510, 519, 568 A.2d 344, 349–50 (1989). Defendant was therefore charged with a serious crime and entitled to the services of assigned counsel—a right that defendant clearly did not waive. Although defendant was found guilty only of the lesser crime of simple assault, he nevertheless faced the potential threat of actual imprisonment during the proceedings without representation. This threat of imprisonment is not permitted under 13 V.S.A. § 5201(4)(B), and any conviction arising from such a proceeding is tainted.

On retrial, if any, on the charge of simple assault defendant shall be appointed counsel to restore him to the condition he would have been in had the appointment been made originally under 13 V.S.A. § 5201(4)(B).

*Reversed and remanded.*